THE STATE v. HAROLD BERRY.

Decided November 20, 1926.

Crimes—Manslaughter—Gross Negligence in Driving Motor Vehicle Resulted in Death of Driver's Passenger—Clearly a Jury Question to Determine Whether the Car was Being Driven With Gross Disregard For the Safety of Others—Verdict Not Against Weight of Evidence—No Error in Judge's Charge.

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff in error, *John W. McGeehan, Jr.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted upon an indictment charging him with manslaughter. He was driving an automobile along High street, in the city of Newark, in which the decedent, one Wilson, was a passenger. His car collided with another automobile, and then ran across the sidewalk to and against a building standing there, with the result that Wilson received a fracture of the skull, causing death.

The first ground upon which we are asked to set aside this conviction is that the trial court erroneously refused to direct a verdict of acquittal at the close of the state's case, and also refused a motion for such direction at the close of the whole case. This contention seems to us to be without merit. The testimony clearly made it a question for the jury to determine whether the defendant was driving his car in such a way as to exhibit a gross disregard for the safety of himself and his passenger.

It is further argued that, if it be considered that the case was one for the jury, the verdict of conviction was against the weight of the evidence. Our examination of the testimony leads us to the opposite conclusion.

The only other grounds upon which the plaintiff in error relies for a reversal of the judgment are directed at the charge to the jury and at the refusal of the trial court to charge certain requests submitted on his behalf. Our examination of the instructions complained of leads us to the conclusion that they are without legal support. As to the requests to charge: We think that they were charged in substance, so far as the plaintiff in error was entitled to have the matters referred to therein submitted to the jury; but,

if we had reached the opposite conclusion, we would not feel justified in reversing this conviction. The case comes before us under the one hundred and thirty-sixth section of the Criminal Procedure act. That section provides that a person convicted of a criminal offense who sees fit to take advantage of the privileges and benefits conferred by the statute shall not be entitled to a reversal of a judgment given upon any indictment "for any error except such as shall or may have prejudiced the defendant in maintaining his defense upon the merits." If it be assumed that there was error in the refusal to charge the requests submitted, we are entirely satisfied that such error could not have prejudiced the defendant in maintaining his defense.

Our examination of the charge itself leads us to the conclusion that it is not erroneous as to any of the matters referred to in the assignments of error. But, if we had found otherwise, we should not consider that the conviction under review should be reversed for that reason. As has just been stated, only such errors as or may have been prejudicial to the plaintiff in error in maintaining his defense will justify a reversal; and the alleged errors in the charge, that are relied upon by counsel, are none of them of that character.

The judgment under review will be affirmed.